UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S<small>TOJADIN</small> B<small>LAGOJA</small> N<small>AUMOVSKI</small>, <small>ET.</small> <small>AL.</small>,

        Plaintiffs,

v.

F<small>EDERAL</small> N<small>ATIONAL</small> M<small>ORTGAGE</small> A<small>SSOCIATION</small>, <small>ET.</small> <small>AL.</small>,

        Defendants.

_____/

Case No. 15-11466

S<small>ENIOR</small> U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> J<small>UDGE</small> A<small>RTHUR</small> J. T<small>ARNOW</small>

M<small>AGISTRATE</small> J<small>UDGE</small> D<small>AVID</small> R. G<small>RAND</small>

**O<small>RDER</small> G<small>RANTING</small> D<small>EFENDANTS'</small> M<small>OTION TO</small> D<small>ISMISS</small> [7]**

Plaintiffs filed this foreclosure challenge in state court on February 27, 2015. Defendants removed the action from the Macomb County Circuit Court on April 22, 2015 [1]. On July 2, 2015, Defendants filed a Motion to Dismiss [7]. Plaintiffs responded on August 19, 2015 [9], and Defendants replied on September 10, 2015 [11]. The Court finds the motion suitable for determination without a hearing, in accord with Local Rule 7.1(f)(2), with respect to all of Plaintiff's claims.

For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED**.

1

**FACTUAL BACKGROUND**

On September 22, 2003, Plaintiff Sladjana Naumovska obtained a loan secured by a mortgage on Plaintiffs' home in Sterling Heights, Michigan.[1] The mortgage was assigned to Bank of America, N.A. (BANA) on April 3, 2013. Plaintiff defaulted on her mortgage loan and foreclosure proceedings began by advertisement, starting with notice published in the newspaper on November 29, 2013. The foreclosure notice was posted on the Property on December 3, 2013 [7-5 at 6]. The Property was purchased at the Sheriff's sale on February 28, 2014.

In 2013, prior to the default and foreclosure, Plaintiffs attempted to avoid foreclosure by endeavoring to partition their property and to sell approximately one acre of the property to a developer. Bank of America expressed a willingness to cooperate, but eventually refused to allow Plaintiffs to partition and sell the property. Additionally, on June 19, 2014, the real property suffered hail damage and a contractor was hired to fix the damage. Plaintiff and Defendant Bank of America subsequently engaged in a dispute over the hazard insurance payment, which Bank of America had received from Plaintiffs' homeowners insurance provider. Once the contractor was paid, Defendant Bank of America continued to refuse to allow Plaintiffs to partition and sell their property.

---

[1] While only Plaintiff Sladjana Naumovski signed the note, both Plaintiffs signed the Mortgage.

The redemption period expired one year after the Sheriff's sale on February 28, 2015. Plaintiffs filed this lawsuit in state court on February 27, 2015, and obtained an *ex parte* temporary restraining order which stayed enforcement of the Sheriff's Deed and the tolling of Plaintiff's time to redeem the property pending an opinion or final judgment in the case. Per Plaintiff's request, the redemption period was extended to March 23, 2015 and against to June 19, 2015. Plaintiffs failed to redeem the property.

## ANALYSIS

Defendants move to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  On a Rule 12(b)(6) motion to dismiss, the Court must "assume the veracity of [the plaintiff's] well-pleaded factual allegations and determine whether the plaintiff is entitled to legal relief as a matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)).

When a Plaintiff's claims sound in fraud, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). In the Sixth Circuit, to meet the requirements that Rule 9(b) of

the Federal Rules of Civil Procedure imposes on fraud claims, a Plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569–70 (6th Cir.2008). These heightened pleading requirements apply both to frauds committed by misrepresentation and/or by omission. *Gilmore v. First Am. Title Ins. Co.*, 2009 WL 2960703, at *3 (E.D. Mich. Sept. 11, 2009). Misrepresentation claims founded in the same fraudulent course of conduct are also held to the heightened pleading standards of Fed. R. Civ. P. 9(b). *Smith v. Bank of America Corp.*, 485 F. App'x 749, 752 (6th Cir.2012)

1. **TEMPORARY RESTRAINING ORDER TOLLS TO STATUTORY REDEMPTION PERIOD**

Defendants argue that the redemption period has expired, and thus Plaintiffs' claims of fraud, promissory estoppel and breach of contract should be dismissed for failing to allege fraud or irregularity that relates to the foreclosure procedure as required by Michigan law for cases that are brought after the expiration of the redemption period. *See e.g. Conlin v. Mortgage Elec. Registration Sys. Inc.*, 714 F.3d 355, 359-60 (6th Cir. 2013). Plaintiffs contest that Michigan law relating to a tolled redemption period does not preclude their claims, because the time is tolled

by the temporary restraining order issued in state court, which is active pending further order of the court or final judgment.

*Ex parte* temporary restraining orders issued in Michigan Courts expire in fourteen days *unless, inter alia,* good cause is shown. MI R SPEC P MCR 3.310. The order issued by the Circuit Court on February 27, 2015 provided that Plaintiffs had shown that an "immediate and irreparable harm" would result if the order was not issued, and explicitly stated that the order would stay the tolling of the redemption period until the Court issued an order or final judgment in the case. [9-4]. Therefore, the redemption period has not tolled and Plaintiffs' claims are not precluded.

Additionally, the entry of this Order will dissolve the temporary restraining order granted by the State Court on February 27, 2015. 28 U.S.C.A. § 1450.

### 2. VIOLATION OF MORTGAGE BY FORECLOSURE STATUTE ACTION

In Count 1 of their Complaint, Plaintiffs allege that they never received notice of the foreclosure sale by either mail or posting as required by MCL 600.3208. Defendants argue that the facts alleged in the complaint are not sufficient to create a question of fact, and as such Plaintiffs' claim should be dismissed for failure to state a claim per Defendants' affidavit which states that Defendants did post notice of the foreclosure on the property [7-5 at 6].

In order to create a genuine issue of material fact, an affidavit, or facts set forth in a complaint as verified, "must be made on personal knowledge" rather than upon information and belief and be "signed under penalty of perjury pursuant to 28 U.S.C. § 1746." *See Totman v. Louisville Jefferson Cty. Metro Gov't*, 391 F. App'x 454, 464 (6th Cir. 2010); *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008). Plaintiffs have not produced an affidavit to support their factual allegation contained in the complaint that the foreclosure notice was never posted. The facts contained in Plaintiffs' complaint were verified as being true based on "knowledge, information and belief" and were not signed under penalty of perjury.

Defendant has submitted into evidence affidavits attached to the recorded Sheriff's Deed, attesting that the statutory requirements of the foreclosure procedures were followed, including the requirement of posting notice on the property. This evidence is not refuted by any evidence other than the complaint, which, as explained above, does not create a genuine issue of fact surrounding the issue of posting foreclosure notice. Therefore, this claim is dismissed for failure to state a claim.

### 3. FRAUDULENT MISREPRESENTATIONS

Plaintiff allegations of fraud center on Plaintiffs' plan to partition and sell a portion of the Property to a third party and a claim surrounding a hazard insurance

issue [1-2 at ¶21-44]. Defendants argue, *inter alia*, that Plaintiffs have not pled their fraudulent misrepresentation claim with sufficient particularity. The Sixth Circuit has interpreted Federal Rule of Civil Procedure 9(b) to require a plaintiff raising a common law fraud claim to allege "the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010) (quoting *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2010)).

Plaintiffs' claims do not meet the heightened pleading requirements under Federal Rule of Civil Procedure 9(b). These allegations "do not identify the content of the allegedly fraudulent statements, when they occurred, who made them, or where they were made." *Wheeler*, 2015 WL 1637619, at *5. Plaintiffs have therefore failed to state a fraudulent misrepresentation claim upon which relief can be granted. The claim is dismissed.

4. **PROMISSORY ESTOPPEL**

Plaintiffs allege that Defendants made an unspecified assertion to them that induced Plaintiffs to take action that prevented them from taking other forms of action that would have cancelled the Sheriff Sale date. Defendants respond, *inter*

*alia*, that Plaintiffs' promissory estoppel claim is barred by the statute of frauds and should be dismissed.

To sustain a promissory estoppel claim, Plaintiffs must show the following:

> (1) a promise (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee and (3) that, in fact, produced reliance or forbearance of that nature (4) in circumstances requiring enforcement of the promise if injustice is to be avoided

*Zaremba Equip., Inc. v. Harco Nat'l Ins. Co.*, 280 Mich. App. 16, 41 (2008). "[N]o action for promissory estoppel may lie when an oral promise expressly contradicts the language of a binding contract" *Id.* The statute of frauds expressly applies to a promissory estoppel claim under Michigan law when being brought against financial institutions:

> MCL 566.132(2); MSA 26.922(2) expressly states that "[a]n action shall not be brought against a financial institution to enforce [a promise or commitment to waive a provision of a loan] unless the promise or commitment is in writing and signed with an authorized signature by the financial institution" (emphasis supplied).

*Crown Tech. Park v. D&N Bank, FSB*, 242 Mich. App. 538, 550 (2000).

While Plaintiffs supply written documentation to support their claim that they expected Defendants to allow them to partition and sell the Property, this documentation was only signed by Plaintiffs; Defendants did not sign this agreement [9-3]. Because this agreement is not "signed with an authorized

8

signature by the financial institution," Plaintiffs have not met the requirements of the statute of frauds and their promissory estoppel claim is dismissed. *See Id*; MCL 566.132(2).

5. **BREACH OF IMPLIED CONTRACT/SPECIFIC PERFORMANCE**

Plaintiffs allege a breach of implied contract as related to the conflict over the payment to the contractor concerning property damage and the subsequent inability of Plaintiffs to sell the property. Defendants argue that the statute of frauds mandates dismissal of this claim as well.

MCL 566.132(2) addresses agreements, contracts, or promises for which signed writing is required. The promise alleged in the implied contract/specific performance claim is covered by this statute, and as with the claim of promissory estoppel, would require a signed written document to state a claim against Defendants. In this case, Plaintiffs do not present any evidence of an agreement that was written and instead refer to an "offer" made to Plaintiffs to allow them to hire a contractor to repair the property, use that money to pay the contractor, and then sell the property [9-1 at 18]. Absent any signed and written agreement, this claim must be dismissed.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss [7] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Exparte Temporary Restraining Order granted by the state court on February 27, 2015 is dissolved.

**SO ORDERED**.

|  |  |
|---|---|
| | s/Arthur J. Tarnow |
| | Arthur J. Tarnow |
| Dated: March 14, 2016 | Senior United States District Judge |